Gary A. Zipkin
Kristin E. Bryant
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
(907) 793-2200 Telephone
(907) 793-2299 Facsimile
E-mail:  gzipkin@guessrudd.com
E-mail:  kbryant@guessrudd.com

Attorneys for United Financial Casualty Company

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED FINANCIAL CASUALTY COMPANY, ) ) ) Plaintiff, ) ) v. ) ) NORTHERN GRAVEL & TRUCKING, ) LLC and ALAN OSBORN BAXTER, ) ) Defendants. ) ) | Case No. 3:16-cv-_____ COMPLAINT FOR <u>DECLARATORY RELIEF</u> |

United Financial Casualty Company ("United Financial"), by and through

its attorneys, Guess & Rudd P.C., hereby complains and alleges as follows:

<u>Jurisdictional Statement and Background</u>

1.     United Financial is a corporation organized and existing under the

laws of the State of Ohio, with its principal place of business in Ohio.

Complaint for Declaratory Relief
United Financial Cas. Co. v. Northern Gravel & Trucking, LLC et al., Case No. 3:16-cv-_____
Page 1 of 8

Case 3:16-cv-00291-JWS   Document 1   Filed 12/22/16   Page 1 of 8

2. United Financial is an authorized insurer in the State of Alaska, has paid its biennial corporate tax last due and filed its biennial report for the last reporting period, and has satisfied all other conditions precedent to bringing and maintaining this action.

3. Upon information and belief, Northern Gravel & Trucking, LLC ("NGT") is an Alaska limited liability company doing business in the State of Alaska's Third Judicial District.

4. Upon information and belief, Alan Osborn Baxter is and was, at all relevant times, a resident of the State of Alaska.

5. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. Section 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs due to the nature of the claims and allegations discussed herein, and because this dispute is between citizens of different states.

6. United Financial issued a business automobile policy, Policy No. 05790801-007 (hereinafter "the Policy") to NGT, identifying James Baxter as a listed driver. The Policy was in effect on September 9, 2014. The Policy provides liability coverage for bodily injury or property damage, subject to stated conditions, provisions and exclusions, up to $1,000,000 Combined Single Limit.

7. David Ferns has filed a civil action against Alan Osborn Baxter and NGT in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, Case No. 3AN-16-08443 Civil, and the Complaint in that action (hereinafter "State Court

Complaint for Declaratory Relief
United Financial Cas. Co. v. Northern Gravel & Trucking, LLC et al., Case No. 3:16-cv-_____
Page 2 of 8
Case 3:16-cv-00291-JWS   Document 1   Filed 12/22/16   Page 2 of 8

Complaint") expressly seeks recovery of special and general damages against Alan Osborn Baxter and NGT "in excess of $100,000.00."

8. The State Court Complaint alleges in part, that Alan Baxter, acting within the course and scope of his employment with NGT, assaulted David Ferns and seriously injuring David Ferns on or about September 9, 2014, at a road construction project on the Parks Highway in the vicinity of Healy, Alaska.

9. The State Court Complaint also alleges that, to the best of Mr. Ferns' knowledge and belief, Alan Osborn Baxter "stands convicted of 4th degree assault for the conduct alleged by Mr. Ferns in his civil action."

10. In the State Court Complaint, Mr. Ferns further alleges that, because Alan Osborn Baxter committed the crime of assault in the 4th degree, Mr. Baxter's conduct amounts to a "serious criminal offense" as defined by AS 09.60.070(c)(4), entitling Mr. Ferns to recover full reasonable attorney's fees against Mr. Baxter pursuant to AS 09.60.070(a).

First Claim for Declaratory Relief

11. United Financial hereby realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 10 as though fully set forth herein.

12. The Policy provides, under **Part I -- Liability to Others**, in relevant part:

> Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury** . . . for which an **insured** becomes legally

Complaint for Declaratory Relief
United Financial Cas. Co. v. Northern Gravel & Trucking, LLC et al., Case No. 3:16-cv-_____
Page 3 of 8

Case 3:16-cv-00291-JWS   Document 1   Filed 12/22/16   Page 3 of 8

responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**.

13. Under **General Definitions**, the Policy provides, in relevant part, as follows:

1. "**Accident**" means a sudden, unexpected and unintended event, or a continuous or repeated exposure to that event, that causes **bodily injury** or **property damage**.
\* \* \*
5. "**Insured auto**" or "**your insured auto**" means:
a. Any **auto** specifically described on the **declarations page**; or
b. An additional **auto** for Part I - Liability To Others and/or Part II - Damage To Your Auto on the date **you** become the owner if:…
\* \* \*
c. Any replacement **auto** on the date **you** become the owner if: …
\* \* \*
17. "**You**", "**your**" and "**yours**" refer to the named insured shown on the **declarations page**.

14. Under **Part I -- Liability to Others**, the Policy also provides **Additional Definitions Used In this Part Only**, in relevant part, as follows:

A. When used in Part I - Liability To Others, **insured** means:
1. **You** with respect to an **insured auto**.
2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow
\* \* \*
For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.

Complaint for Declaratory Relief
United Financial Cas. Co. v. Northern Gravel & Trucking, LLC et al., Case No. 3:16-cv-_____
Page 4 of 8
Case 3:16-cv-00291-JWS   Document 1   Filed 12/22/16   Page 4 of 8

15. The injuries and damages allegedly sustained by David Ferns, as set forth in the State Court Complaint, did not arise out of the ownership, maintenance or use of an insured auto and, therefore, there is no coverage under the Policy for the claims asserted by David Ferns against Alan Osborn Baxter or NGT.

16. In addition, the injuries and damages allegedly sustained by David Ferns, as set forth in the State Court Complaint, did not arise out of Alan Osborn Baxter's permissive use of an insured auto and, therefore, Alan Osborn Baxter was not an "insured," as that term is defined in the policy, at the time of the relevant events.

17. Because the injuries and damages allegedly sustained by David Ferns, as set forth in the State Court Complaint, did not arise out of the ownership, maintenance or use of an insured auto, and because Alan Osborn Baxter was not a permissive operator of an insured auto at the relevant time or times, United Financial is entitled to a judicial declaration that it has no duty under the Policy either to defend or to indemnify Alan Osborn Baxter or NGT with respect to the claims asserted by David Ferns in the State Court Complaint.

Second Claim for Declaratory Relief

18. United Financial hereby realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 17 as though fully set forth herein.

19. The Policy, under **Part I -- Exclusions**, contains the following relevant exclusions:

Complaint for Declaratory Relief
United Financial Cas. Co. v. Northern Gravel & Trucking, LLC et al., Case No. 3:16-cv-_____
Page 5 of 8
Case 3:16-cv-00291-JWS   Document 1   Filed 12/22/16   Page 5 of 8

> 1. **Expected or Intended Injury**
> **Bodily injury** or **property damage** either expected by or caused intentionally by or at the direction of any **insured**.

20. As noted above, David Ferns seeks recovery of full reasonable attorney's fees against Alan Osborn Baxter and NGT pursuant to AS 09.60.070(a). However, AS 09.60.070(b) provides as follows:

> If a judgment for attorney fees is entered against an offender in a civil action brought under this section, and a contract of insurance requires an insurer to pay the attorney fees, the insurer shall be liable only for the attorney fees that would be awarded to the plaintiff under Alaska Rule of Civil Procedure 82(b)(1).

21. In addition, the Policy contains an **Alaska Mandatory Endorsement**, which provides, in relevant part, as follows:

> **We will not pay that portion of any award of attorney fees that is in excess of fees calculated by applying the schedule for contested cases in Alaska Rule of Civil Procedure 82(b)(1) to the Limit of Liability as shown on the Declarations Page of this policy.**

22. The Policy only provides coverage for bodily injury caused by an accident, and "**accident**" is specifically defined as requiring an "unintended" event. Similarly, and as set forth above, the Policy excludes from coverage bodily injury that is "either expected by or caused intentionally by or at the direction of any **insured**." Because the actions allegedly committed by Alan Osborn Baxter were not unintended and because his alleged actions were either expected by, or caused intentionally by him, the Policy provides no coverage for the claims asserted by David Ferns against Alan Osborn

Complaint for Declaratory Relief
United Financial Cas. Co. v. Northern Gravel & Trucking, LLC et al., Case No. 3:16-cv-_____
Page 6 of 8
Case 3:16-cv-00291-JWS   Document 1   Filed 12/22/16   Page 6 of 8

Baxter and NGT and United Financial is entitled to a judicial declaration that it has no duty to provide a defense or indemnity to Alan Osborn Baxter or NGT in connection with the claims asserted in the State Court Complaint.

WHEREFORE, United Financial prays for the following relief:

A. That the court issue a declaratory judgment confirming that the alleged injuries and damages sustained by David Ferns, and as set forth in the State Court Complaint, did not arise out of the ownership, maintenance or use of an insured vehicle;

B. That the court issue a declaratory judgment confirming that the alleged injuries and damages sustained by David Ferns, and as set forth in the State Court Complaint, did not arise out of the permissive operation of an insured vehicle by Alan Osborn Baxter;

C. That the court issue a declaratory judgment confirming that the alleged injuries and damages sustained by David Ferns, and as set forth in the State Court Complaint, do not constitute an "accident" as defined by the Policy;

D. That the court issue a declaratory judgment confirming that the alleged injuries and damages sustained by David Ferns, and as set forth in the State Court Complaint, were either expected by, or caused intentionally by, Alan Osborn Baxter;

E. That the court issue a declaratory judgment confirming that, pursuant to AS 09.60.070(b), United Financial has no obligation to pay any attorney's fees which may be awarded to David Ferns beyond the amounts provided by Alaska Rule of Civil Procedure 82(b)(1).

Complaint for Declaratory Relief
United Financial Cas. Co. v. Northern Gravel & Trucking, LLC et al., Case No. 3:16-cv-_____
Page 7 of 8

Case 3:16-cv-00291-JWS   Document 1   Filed 12/22/16   Page 7 of 8

F. That the court issue a declaratory judgment declaring that United Financial has no duty to defend or indemnify Alan Osborn Baxter or NGT for any of the claims asserted by David Ferns in the State Court Complaint; and

H. That the court provide such other and additional relief to United Financial as the court deems just or equitable.

DATED at Anchorage, Alaska, this 21st day of December, 2016.

GUESS & RUDD P.C.
Attorneys for Plaintiff

By:   /s/ Gary A. Zipkin
Gary A. Zipkin, AK Bar No. 7505048
Kristin E. Bryant, AK Bar No. 1011070
Guess & Rudd P.C.
510 L Street, Suite 700
Anchorage, Alaska 99501
Phone: (907) 793-2200
Fax: (907) 793-2299
Email: gzipkin@guessrudd.com
Email: kbryant@guessrudd.com

F:\DATA\5200\194\Pleadings\01 Complaint for Declaratory Relief.doc

Complaint for Declaratory Relief
United Financial Cas. Co. v. Northern Gravel & Trucking, LLC et al., Case No. 3:16-cv-_____
Page 8 of 8

Case 3:16-cv-00291-JWS   Document 1   Filed 12/22/16   Page 8 of 8